UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF

VS.                                      NO. 1:20CR81

BEN SANFORD                                       DEFENDANT

WAIVER OF INDICTMENT, FILING OF INFORMATION,
AND GUILTY PLEA HEARING

BEFORE HONORABLE SHARION AYCOCK
CHIEF UNITED STATES DISTRICT JUDGE

Oxford, Mississippi
January 26, 2021

APPEARANCES:

For the Government:   ROBERT J. MIMS, Esquire
                      U.S. Attorney's Office
                      900 Jefferson Avenue
                      Oxford, MS  38655

For the Defendant:    JOE M. HOLLOMON, Esquire
                      Joe M. Hollomon & Associates, P.A.
                      P.O. Box 22683
                      Jackson, MS  39225-2683

Court Reporter:       PHYLLIS K. McLARTY, RMR, FCRR, CCR #1235
                      Federal Official Court Reporter
                      911 Jackson Avenue East
                      Oxford, MS  38655

1      (11:05 A.M.)

2           **THE COURT:**  Okay.  You may call the case.

3           **COURTROOM DEPUTY:**  The Court calls Case Number

4    1:20CR81, United States of America versus Ben Sanford.  This is

5    a waiver of indictment hearing.

6           **THE COURT:**  Thank you.

7           And so the attorneys representing the parties in this

8    case, Robert Mims represents the government, and Joseph

9    Hollomon represents the defendant, Dr. Ben Sanford.  Kimberlee

10   Hatter is our probation officer, and she is appearing by video.

11   The defendant, defendant's attorney, and prosecutor are in the

12   courtroom.

13          Mr. Sanford, I'm going to ask that you do stay seated.

14   We'll know in just a moment if the court reporter can hear you

15   well enough, but do pull it closer to you if need be.  And I'm

16   advised that you plan to enter a plea to Count 1 of an

17   information waiving the indictment.  Is that your intent this

18   morning?

19          **THE DEFENDANT:**  Yes, it is.

20          **THE COURT:**  Okay.  Would you stand and raise your hand

21   to be sworn.

22     (OATH WAS ADMINISTERED BY THE COURTROOM DEPUTY.)

23          **THE COURT:**  Thank you, and you may have a seat.

24          So, Mr. Sanford, do you understand that you are now

25   under oath and any answers that you give to my questions that

1   are false may later be used against you in a charge for

2   perjury?

3           **THE DEFENDANT:**  Yes.

4           **THE COURT:**  And do you understand that you have the

5   right to remain silent and not answer any questions in this

6   proceeding?

7           **THE DEFENDANT:**  Yes.

8           **THE COURT:**  So you have advised the Court that you do

9   wish to enter a plea of guilty by waiving the indictment by way

10  of information to Count 1; is that correct?

11          **THE DEFENDANT:**  Yes.

12          **THE COURT:**  You have also signed a plea agreement, and

13  in a few moments, I'll ask you some questions specific to the

14  plea agreement, but, first, I want to ask you some general

15  questions to make sure that you understand what you are

16  waiving.  So, if during the course of this proceeding I ask you

17  anything that you do not understand, do not answer.  Instead,

18  ask to pause, speak with your counsel before offering an

19  answer.  Do you understand?

20          **THE DEFENDANT:**  Yes.

21          **THE COURT:**  Would you state your full name for the

22  record, please?

23          **THE DEFENDANT:**  Benjamin Franklin Sanford, Jr.

24          **THE COURT:**  And what is your age?

25          **THE DEFENDANT:**  69.

1      **THE COURT:**  How many years of school did you complete?

2      **THE DEFENDANT:**  You're talking about grade school,

3  everything?

4      **THE COURT:**  Yes, sir.

5      **THE DEFENDANT:**  Twelve years of primary education,

6  four years of college, and three years of medical school.

7      **THE COURT:**  And am I correct that you do hold the --

8  the degree of medical doctorate?

9      **THE DEFENDANT:**  Correct.

10      **THE COURT:**  Do you suffer from any mental illness or

11  psychiatric illnesses?

12      **THE DEFENDANT:**  No.

13      **THE COURT:**  Are you today under the influence of any

14  drugs or alcohol that might impair your understanding of this

15  proceeding?

16      **THE DEFENDANT:**  No.

17      **THE COURT:**  So I am certain that Mr. Hollomon, in

18  great detail, has explained to you this procedure and how it

19  differs in that you have not been indicted.  Do you understand

20  that?

21      **THE DEFENDANT:**  Yes.

22      **THE COURT:**  And so these initial questions are to

23  determine that you understand that you could not enter your

24  plea here today and, instead, wait until you have an

25  opportunity to see whether or not a grand jury would, indeed,

1  indict you.  Understand?

2         **THE DEFENDANT:**  Yes.

3         **THE COURT:**  So this is voluntary on your part coming

4  forward.  Understood?

5         **THE DEFENDANT:**  Yes.

6         **THE COURT:**  Well, do you understand that you have not

7  been indicted on this charge?

8         **THE DEFENDANT:**  Yes.

9         **THE COURT:**  Do you understand that you have a

10 constitutional right to wait to see if the grand jury would

11 consider bringing a charge against you?

12        **THE DEFENDANT:**  Yes.

13        **THE COURT:**  And understand that a grand jury would

14 have to determine that there was probable cause to believe that

15 a crime was committed and that you committed this crime?

16 There's no certainty that if this matter was brought to a grand

17 jury that one would return an indictment against you.  Do you

18 understand?

19        **THE DEFENDANT:**  Yes.

20        **THE COURT:**  But you're asking this Court to waive the

21 indictment and accept your voluntary plea here today; is that

22 correct?

23        **THE DEFENDANT:**  Yes.

24        **THE COURT:**  So, Mr. Hollomon, do you have the form for

25 waiving the indictment and presenting it here?

1          **MR. HOLLOMON:**  Your Honor, I have that form.  It's
2    been signed by my client after reviewing it with him.  We've
3    provided that to the court clerk.

4          **THE COURT:**  Thank you.  I acknowledge it, and it may
5    be filed along with the information.

6          So, Mr. Sanford -- Dr. Sanford, has anyone tried to
7    threaten you, coerce you, or promise you anything in exchange
8    for waiving the indictment?

9          **THE DEFENDANT:**  No.

10         **THE COURT:**  Have you had an adequate opportunity to
11   discuss this procedural move with your attorney?

12         **THE DEFENDANT:**  Yes.

13         **THE COURT:**  And, Mr. Hollomon, are you satisfied that
14   your client is informed and that he is knowingly, voluntarily,
15   and intelligently signing his waiver of indictment in entering
16   his appearance today?

17         **MR. HOLLOMON:**  I am, Your Honor.

18         **THE COURT:**  Thank you.

19         In this case, the Court finds that the defendant is
20   fully competent and capable and aware of the nature of his
21   right to require that the government proceed by way of
22   indictment.  The Court further finds that the waiver signed by
23   the defendant is knowingly and voluntarily made.  The Court
24   accepts the waiver and orders that it be filed along with the
25   information.

1          Dr. Sanford, have you had an opportunity to discuss

2 your intentions of entering a plea fully and completely with

3 your attorney?

4          **THE DEFENDANT:** Yes.

5          **THE COURT:** Are you satisfied that your attorney is

6 representing your best interest in this case?

7          **THE DEFENDANT:** Yes.

8          **THE COURT:** Are you satisfied with the representation

9 that has been afforded you in this case?

10          **THE DEFENDANT:** Yes.

11          **THE COURT:** Do you understand that under the

12 constitution and the laws of the United States that you are

13 entitled to a speedy and public trial of this charge?

14          **THE DEFENDANT:** Yes.

15          **THE COURT:** Do you understand that if you went to

16 trial you would be presumed innocent, it would be the

17 government's burden to prove you guilty beyond a reasonable

18 doubt?

19          **THE DEFENDANT:** Yes.

20          **THE COURT:** Do you further understand that in the

21 course of a trial that the government would, in presenting its

22 case, likely call witnesses and produce documents against you;

23 in turn, your lawyer would have the opportunity to

24 cross-examine government's witnesses? And do you understand

25 that you would have the right to present a defense through

1   witnesses and documents, that it's in this way that a jury

2   determines the -- from the admissible evidence whether or not

3   you are innocent or guilty of this charge?  Understand?

4           **THE DEFENDANT**:  Yes.

5           **THE COURT**:  And do you understand that if you went to

6   trial that you would have the right to compel the attendance of

7   witnesses, to subpoena those witnesses, or to compel the

8   production of documents?

9           **THE DEFENDANT**:  Yes.

10           **THE COURT**:  And are you aware that if you went to

11   trial that you would have the opportunity to testify in your

12   own defense?

13           **THE DEFENDANT**:  Yes.

14           **THE COURT**:  Do you understand that if you went to

15   trial and elected not to testify in your own defense that I

16   would advise the jury that you have a constitutional right to

17   remain silent?

18           **THE DEFENDANT**:  Yes.

19           **THE COURT**:  So do you understand that if you went to

20   trial and you were found guilty that this Court would sentence

21   you based upon the jury's finding of guilt, but do you

22   understand that today if you enter your plea of guilty that you

23   will not have a right to appeal?  You will have -- you can

24   appeal the sentence, but, in other words, this is final today

25   in the sense that if you went to trial you would have the right

1  to appeal the conviction as well as the sentence to the Fifth

2  Circuit?

3  **THE DEFENDANT**:  Yes.

4  **THE COURT**:  So do you understand that today if I

5  accept your plea that I will adjudicate you guilty of Count 1

6  of the information today, I will sentence you at a later date

7  after a presentence report?

8  **THE DEFENDANT**:  Yes.

9  **THE COURT**:  Do you understand that by entering your

10  plea today that you are waiving or giving up your right to a

11  jury trial?

12  **THE DEFENDANT**:  Yes.

13  **THE COURT**:  Now, have you had a discussion with

14  Mr. Hollomon about these constitutional rights that I've

15  inquired about?

16  **THE DEFENDANT**:  Do I have questions?  No.

17  **THE COURT**:  Well, I'm asking you, did the two of you

18  discuss the constitutional rights that you would be asked and

19  inquired about waiving today?

20  **THE DEFENDANT**:  Yes, we have discussed it.  Yeah.

21  **THE COURT**:  Okay.  And you have understood my

22  questions to you today?

23  **THE DEFENDANT**:  Yes.

24  **THE COURT**:  And do you still wish to enter a plea of

25  guilty?

1    **THE DEFENDANT:**  Yes.

2    **THE COURT:**  So you are charged in Count 1 of the

3    information that, from on or after April 2013 to on or about

4    June 2018, in the Northern District of Mississippi, that as the

5    owner and operator of Starkville Internal Medicine, with the

6    intent to defraud and mislead, that you received in interstate

7    commerce various drugs, including but not limited to foreign

8    versions of P-r-o-l-i-a -- Doctor, you might tell me how to

9    pronounce it --

10   **THE DEFENDANT:**  Prolia.

11   **THE COURT:**  -- and is it Boniva, B-o-n-i-v-a -- that

12   were misbranded within the meaning of Title 21, United States

13   Code, Section 352(f)(1), and Section 352(c), and Title 21, Code

14   of Federal Regulations, Section 201.15(c)(1), and that the

15   information required to be on the labeling was not in the

16   English language and did deliver and proffer delivery of the

17   misbranded drugs for pay.

18   Do you understand that charge, sir?

19   **THE DEFENDANT:**  Yes.

20   **THE COURT:**  In order to convict you of those -- that

21   crime, the government must prove certain elements of the

22   offense, and I'm going to ask Mr. Mims to advise you of those

23   elements.

24   **MR. MIMS:**  To prove the defendant guilty of the

25   charges set forth in Count 1, the government would have to

1  prove, first, that the defendant received in interstate

2  commerce a food, drug, device, et cetera, that was adulterated

3  or misbranded; and, second, that the defendant did so with the

4  intent to defraud or mislead.

5  **THE COURT:**  Thank you.

6  Now, he's read you the penalties -- the elements.  Do

7  you understand those elements?

8  **THE DEFENDANT:**  Yes.

9  **THE COURT:**  So, at this time, I'm going to advise you

10  of the penalties.  It is a period of imprisonment of not more

11  than 3 years, not more than a $250,000 fine, not more than

12  1 year on supervised release, and it does require you to pay a

13  $100 special assessment.  Do you understand?

14  **THE DEFENDANT:**  Yes.

15  **THE COURT:**  So I'm not sure if restitution will be

16  involved in this case or not until I get a presentence report,

17  but do you understand that the Court can order you to pay

18  restitution?

19  **THE DEFENDANT:**  Yes.

20  **THE COURT:**  Do you understand that if you are ordered

21  to serve a term in prison that it will be followed by a term of

22  supervised release?

23  **THE DEFENDANT:**  Yes.

24  **THE COURT:**  And do you understand that if you are on

25  supervised release and you violate one or more conditions that

1  you can be revoked and returned to prison?

2  **THE DEFENDANT:**  Yes.

3  **THE COURT:**  Doctor, do you understand the penalties?

4  **THE DEFENDANT:**  Yes.

5  **THE COURT:**  You signed a plea agreement, and I want

6  you to let your counsel show you the plea agreement itself.

7  And the document is dated October 14th, 2020.  This is

8  essentially your contract with the government, and I want

9  Mr. Mims to read the substantive portions of this into the

10  record, please.

11  **MR. MIMS:**  The defendant agrees to waive indictment

12  and plead guilty under oath to Count 1 of an information, which

13  charges a violation of Title 21, U.S. Code, Section 331(c).

14  The government agrees not to charge the defendant with

15  any other offenses arising from or related to this charge.

16  This agreement does not bind any prosecuting authority

17  of any state or any other federal district.

18  If the defendant violates this agreement, all

19  statements made pursuant hereto will be admissible against the

20  defendant.

21  And, finally, apart from being advised of the

22  applicability of the sentencing guidelines, and other than as

23  set forth elsewhere in the plea documents, no promise or

24  representation whatsoever has been made to the defendant as to

25  what punishment the Court might impose.

1     The defendant's agreement is knowing, free, and

2  voluntary.  The defendant is pleading guilty because he is, in

3  fact, guilty.

4     **THE COURT:**  Thank you, Mr. Mims.

5     Mr. Hollomon, I want you to show him the plea

6  agreement, and I failed to ask your client to affirm that that

7  is his signature.

8     **MR. HOLLOMON:**  Your Honor, I have that before him now.

9     **THE COURT:**  Is that your signature, sir?

10    **THE DEFENDANT:**  Yes.  Yes.

11    **THE COURT:**  You also signed a plea supplement of the

12 same date.  Is that your signature on the plea supplement?

13    **THE DEFENDANT:**  Yes.

14    **THE COURT:**  So the plea supplement is filed under

15 seal.  I'm not going to ask that it be read aloud or into the

16 record, but there are some paragraphs, while you're looking at

17 the plea supplement, that I want to bring to your attention.

18    On the second page, Paragraph Number 5, and that

19 regards execution against property, moneys that may be involved

20 in this crime.  Do you understand that paragraph?

21    **THE DEFENDANT:**  Yes.

22    **THE COURT:**  And then, too, I want to bring to your

23 attention next page, Paragraph Number 6.  Now, Number 6 sets

24 out a recommendation from the government.  It's what's referred

25 to as an 11(c)(1)(B).  And you can read there.

 1          What I want to make certain is that you understand
 2   that if I do not accept the government's recommendation you are
 3   still bound by your plea and you may not withdraw your plea of
 4   guilty.  Is that understood?
 5          **THE DEFENDANT:**  Yes.
 6          **THE COURT:**  So before you signed the plea agreement or
 7   the plea supplement, did you have a conversation with
 8   Mr. Hollomon regarding all of the content and the meaning of
 9   those two agreements?
10          **THE DEFENDANT:**  Yes.
11          **THE COURT:**  Mr. Hollomon, did you have that
12   conversation with your client?
13          **MR. HOLLOMON:**  I did, Your Honor.
14          **THE COURT:**  And do you believe that he understands the
15   charge?
16          **MR. HOLLOMON:**  I do.
17          **THE COURT:**  Do you believe that he understood waiving
18   the indictment and proceeding in this fashion?
19          **MR. HOLLOMON:**  I do, Your Honor.
20          **THE COURT:**  And do you believe that he is entering
21   this plea freely, knowingly, and voluntarily?
22          **MR. HOLLOMON:**  I do.
23          **THE COURT:**  Dr. Sanford, in addition to the criminal
24   penalties that I've described to you, you will also lose your
25   right to vote, your right to hold public office, your right to

1  serve on a jury, and your right to own or possess a firearm.

2  Do you understand?

3  **THE DEFENDANT:**  Yes, I do.

4  **THE COURT:**  Have you and Mr. Hollomon had a

5  conversation about the potential guideline sentence that might

6  apply in your case?

7  **THE DEFENDANT:**  Yes.

8  **THE COURT:**  So, Doctor, if -- and that's just what it

9  is because I don't know yet.  If I were not to accept the

10  recommendation of the government, then, obviously, this would

11  fall under sentencing guidelines.  Sentencing guidelines are

12  advisory only.  They're not mandatory, meaning that I could

13  impose a sentence that is more severe or less severe than

14  what's called for in the guidelines.

15  Do you have an understanding sufficient of how the

16  guidelines could affect your case?

17  **THE DEFENDANT:**  Yes.

18  **THE COURT:**  So has anyone in this case -- other than

19  the government's recommendation, has anyone promised you what

20  the sentence is going to be?

21  **THE DEFENDANT:**  No, ma'am.

22  **THE COURT:**  And do you understand that under some

23  circumstances both you and the government can appeal any

24  sentence that is imposed by the Court?

25  **THE DEFENDANT:**  Yes.  Yes.

1    **THE COURT:**  At this time, I want to ask Mr. Mims if he
2    will read into the record the factual basis for this case.
3    These are the facts that the government contends that had this
4    case gone to trial that they could have proved against you
5    beyond a reasonable doubt.  It's very important that the facts
6    be accurate because sometimes the facts will affect the
7    guideline sentence.

8    So I want to ask Mr. Mims, if you would, please, read
9    these into the record.

10   **MR. MIMS:**  Were the case to go to trial, the
11   government would expect to prove the following:

12   Ben Sanford is a physician who at all relevant times
13   operated Starkville Internal Medicine in Starkville,
14   Mississippi.

15   In August 2017, a parcel addressed to Dr. Sanford was
16   intercepted by an FDA Consumer Safety Officer and the
17   Department of Homeland Security at JFK International Airport in
18   New York.  The parcel contained nine boxes of foreign,
19   unapproved Prolia.  The seized Prolia was determined to have
20   been manufactured and shipped from overseas, likely originating
21   in Turkey.

22   A subsequent investigation revealed that, during the
23   time period set forth in the information, additional foreign
24   versions of prescription drugs, including versions of Prolia,
25   Boniva, Aclasta, and other drugs which had not been approved by

1  the FDA, had been shipped in interstate or foreign commerce and

2  received by Dr. Sanford at his clinic in Starkville.  These

3  drugs were administered to patients of Starkville Internal

4  Medicine without their knowledge that the drugs were not FDA

5  approved but, rather, were foreign versions of the subject

6  drugs.

7       The government would further show that Starkville,

8  Oktibbeha County, lies within the Northern Judicial District of

9  Mississippi.

10      **THE COURT:**  Thank you.

11      Did you understand everything Mr. Mims stated,

12  Dr. Sanford?

13      **THE DEFENDANT:**  Yes.

14      **THE COURT:**  And is everything he said about you and

15  your conduct true and correct?

16      **THE DEFENDANT:**  We did receive the drugs.  They were

17  ordered by my nurse, and, yes, they were foreign versions of

18  the same drug.  Yes.

19      **THE COURT:**  Yes, sir.  Are you satisfied, Mr. Mims,

20  that that doesn't change any of the elements?

21      **MR. MIMS:**  Yes, Your Honor.  I don't believe that

22  changes anything, Your Honor.

23      **THE COURT:**  And are you voluntarily entering this plea

24  of guilty on your own free will?

25      **THE DEFENDANT:**  Yes.

1        **THE COURT:**  Has anyone tried to threaten you, coerce
2  you, or promise you anything to force you to enter a plea of
3  guilty?

4        **THE DEFENDANT:**  Well, I mean, the prosecutor presented
5  what the penalties could be, and that's what we considered,
6  yes.

7        **THE COURT:**  So no one has threatened you?
8        **THE DEFENDANT:**  No.

9        **THE COURT:**  Okay.  So have you understood all of the
10  questions I've asked you in this proceeding?

11        **THE DEFENDANT:**  Yes.

12        **THE COURT:**  Dr. Sanford, I'm about to ask you for your
13  actual plea, guilty, not guilty.  Before I do so, do you need
14  to speak with your attorney about any matters on this record
15  before I ask you to enter your plea?  Any questions?

16        **MR. HOLLOMON:**  No, Your Honor.

17        **THE COURT:**  Thank you.

18        In this cause number, do you plead guilty or not
19  guilty?

20        **THE DEFENDANT:**  Guilty.

21        **THE COURT:**  And that is to Count 1 of the information.
22        It is the finding of this Court in this case that the
23  defendant is fully competent and capable of entering an
24  informed plea; that the defendant is aware of the nature of the
25  charge and the consequences of the plea; and that the plea of

1  guilty is a knowing and voluntary plea supported by an

2  independent basis in fact containing each of the essential

3  elements of the offense.

4  Further, the Court's satisfied that the plea is not

5  a result of force, threats, or promises.  Therefore, the plea

6  is accepted, and the defendant is now adjudicated guilty of

7  Count 1 of the information charge.

8  Mr. Hollomon, I'm assuming that your client wants to

9  make bond or continue on bond?

10  **MR. HOLLOMON:**  Judge, he would ask the Court to permit

11  him to remain on bond.

12  **THE COURT:**  Thank you.  So --

13  **MR. MIMS:**  Your Honor, if I may, technically, this is

14  his initial appearance, so no bond has been set.

15  **THE COURT:**  No bond has been set.  So I have a

16  recommendation of personal recognizance bond.

17  Okay.  So I have bond papers that need to be

18  completed, Mr. Hollomon, and I also have some conditions.  I'm

19  going to go briefly over those conditions with your client, and

20  then I'm also advised that you will need to meet -- he will

21  need to meet with the deputy marshals for some information that

22  they need as well.

23  **MR. HOLLOMON:**  Yes, Your Honor.

24  **THE COURT:**  So, Dr. Sanford, on your own personal

25  bond, the Court is going to release you.  You must appear for

1  all court proceedings.  If convicted, you must surrender to

2  serve a sentence that the Court may impose.  This is a personal

3  bond.

4       I must ask you -- or tell you, too, that you shall not

5  violate any federal, state, or local laws while you're on

6  release.  You must cooperate in the collection of DNA if

7  directed by your probation officer.  You must advise the Court

8  or the pretrial services officer or supervising officer in

9  writing before making any changes to your address or phone

10  number.  Always got to know where to find you.  And you must

11  appear in court when -- when you're supposed to.  Tentatively,

12  Mr. Hollomon, that is for his sentencing on May 4th, 2021, at

13  10:00 a.m.  May 4th.

14       I will need him to sign these papers.  And, in

15  addition, I need you to surrender your passport as directed.

16  That will come upon a conversation with probation and with the

17  deputy marshals, but I'm directing you to do it if you're

18  directed by one of them to surrender your passport, okay?

19       Any questions?

20       **MR. HOLLOMON:**  No, Your Honor.

21       **THE COURT:**  Okay.  Any questions, Mr. Mims?

22       **MR. MIMS:**  Your Honor, I would just ask that the

23  government be allowed to file the original information, plea

24  agreement, and plea supplement in this case.

25       **THE COURT:**  Yes.  And the Court accepts it, and it is

1 filed.

2        I'm going to hand back the paperwork. Don't need to

3 give him that one. And I'll need to sign that waiver. If

4 you'll hand it to me, I'll sign it now before he starts meeting

5 with others.

6        Does anybody have any other matters before we go off

7 the record?

8        **MR. MIMS**: No, Your Honor.

9        **MR. HOLLOMON**: From the defendant, Your Honor, my

10 client is prepared to pay the restitution that's been

11 calculated in this case. I just want to make the Court aware

12 of that. I suppose we would have to wait until May 4th to tend

13 to that or --

14        **THE COURT**: Yes. Yes. I'm totally unaware of any

15 restitution amounts at this stage.

16        **MR. HOLLOMON**: Yes, Your Honor. Yes.

17        **THE COURT**: So we've got to give the probation

18 officers a little time to work.

19        **MR. HOLLOMON**: Thank you, Your Honor. There's been a

20 preliminary figure arrived at working with the government, but

21 we'll be prepared to make that at the time of sentencing.

22        **THE COURT**: Okay. As one immediate lump sum payment?

23        **MR. HOLLOMON**: Yes, Your Honor.

24        **THE COURT**: Thank you.

25        Okay. Counselors, thank you.

1        **MR. HOLLOMON:**   Thank you, Judge.

2        (CONCLUDED AT 11:35 A.M.)

1    **CERTIFICATE**

2

3        I, Phyllis K. McLarty, Federal Official Realtime Court

4    Reporter, in and for the United States District Court for the

5    Northern District of Mississippi, do hereby certify that

6    pursuant to Section 753, Title 28, United States Code, that the

7    foregoing 22 pages are a true and correct transcript of the

8    stenographically reported proceedings held in the

9    above-entitled matter and that the transcript page format is in

10   conformance with the regulations of the Judicial Conference of

11   the United States.

12       Witness my hand, this 10th day of March, 2021.

13

14                          /s/ Phyllis K. McLarty
                            PHYLLIS K. McLARTY, RMR, FCRR, CCR #1235
                            Federal Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25